[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10198
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 1, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-02929-CV-JTC-1

BORAL INDUSTRIES, INC.,

Plaintiff-Appellant,

versus

CONTINENTAL CASUALTY COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 1, 2005)**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Boral Industries, Inc. ("Boral") appeals the district court's entry of summary judgment in favor of Continental Casualty Company ("Continental"), in Boral's action to obtain a declaration that its commercial general liability policy with

Continental did not provide coverage for the underlying indemnity claim and, therefore, Continental had acted in bad faith by settling the claim for less than the policy deductible and then seeking to recover the total amount of the settlement from Boral. In a counterclaim, Continental sought recovery, under the policy deductible, of the $300,000 settlement payment. After the completion of discovery, the parties filed cross-motions for summary judgment. The district court, interpreting the "right to settle" provision in Boral's Continental policy, concluded that the provision, which was unqualified, permitted the settlement of the underlying claim and that Continental was entitled to full reimbursement since the deductible exceeded the settlement amount. Accordingly, it granted Continental's motion for summary judgment on both Boral's claims and Continental's counter-claim. After thorough review of the record and careful consideration of the parties' briefs, we affirm.

We review the district court's order granting summary judgment de novo. See Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1296 (11th Cir. 2000). A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting <u>First Nat'l Bank of Arizona v. Cities Serv. Co.</u>, 391 U.S. 253, 289, 88 S. Ct. 1575, 1592, 20 L. Ed. 2d 569 (1968)).

Interpreting the "right to settle" and deductible provisions in the Continental policy and applying Georgia law, the district court held that Boral, as a sophisticated corporate entity, had the opportunity to bargain for insurance without a provision that granted the insurer an "unfettered right to settle claims." Thus, the court concluded, Boral, having contractually afforded the right to settle a claim like the underlying indemnity action here, was obligated to reimburse Continental for the settlement so long as Continental did not act with bad faith. On the record before it, the district court found no evidence of bad faith on Continental's part. Moreover, the district court determined that there was no genuine issue of fact that Continental had acted reasonably and in compliance with the unambiguous terms of the policy in (1) settling the underlying claim and (2) seeking reimbursement from Boral for in an amount that was less than the deductible. Based on our review of the unambiguous policy provisions at issue in this appeal and the applicable Georgia law interpreting such unequivocal provisions in the same manner, we too conclude that Continental was entitled to summary judgment.

3

The district court also denied Boral's motion to compel discovery and motion for sanctions based on Continental's alleged failure to provide the requested discovery in a timely manner. These motions concerned Boral's request for production of correspondence between Continental and its "outside counsel." Continental claimed that the requested items were protected from disclosure by the attorney-client privilege. After conducting an in camera inspection of the correspondence, the district court first noted that the requests to produce were untimely since discovery had closed four months before Continental's request. Moreover, the court found that the items, which were marked "attorney-client privileged," contained information that was "largely redundant of other correspondence and evidence produced in discovery and presently in the record." We can find no abuse of discretion in the district court's decision on this issue. See Harris v. Chapman, 97 F.3d 499, 506 (11th Cir. 1996) (reviewing district court rulings on discovery motions and discovery sanctions under abuse of discretion standard).

**AFFIRMED.**